UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ADAM F. BLASKOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF MINNESOTA; VICKI LANDWEHR; JOHN SCHERER; MARY MAHLER; and TIM WILLE,<br><br>Defendants. | Case No. 16-CV-1831 (JRT/LIB)<br><br><br><br>REPORT AND RECOMMENDATION |

Plaintiff Adam F. Blaskowski has initiated three lawsuits in this District over the past six months. *See Blaskowski v. Landwehr*, No. 16-CV-0157 (DWF/LIB) (D. Minn. Jan. 25, 2016); *Blaskowski v. Vicki Land Wehr Construction*, No. 16-CV-0447 (DWF/LIB) (D. Minn. filed Feb. 23, 2016). *Blaskowski v. Anderson Trucking*, No.16-CV-0601 (ADM/LIB) (D. Minn. filed Mar. 29, 2016). None of the complaints filed in those actions stated a claim on which relief may be granted, and each was dismissed prior to service of the complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In fact, each of the complaints was nearly illegible and largely incomprehensible. A fourth complaint filed in the United States District Court for the Central District of California and transferred to this District was much the same. *See Blaskowski v. State of Minnesota*, No. 15-CV-2733 (MJD/LIB) (D. Minn. filed May 18, 2015). Three of these four lawsuits named Vicki Landwehr, John Scherer, or entities associated with Landwehr or Scherer as defendants; one of the four named the State of Minnesota and Mary Mahler as defendants. Among the defendants named to this action, only Tim Wille has, to date, not been named as a defendant to a lawsuit filed in this District by Blaskowski.

Perhaps frustrated by his inability survive screening as an *in forma pauperis* ("IFP") litigant in this District, *see* 28 U.S.C. § 1915, Blaskowski has initiated actions in other federal districts that have no connection to those venues. The suit brought in the Central District of California has already been mentioned; two lawsuits brought in the United States District Court for the District of Montana were dismissed for improper venue, *see Blaskowski v. Electrolux Home Products, Inc.*, No. 1:15-CV-0049-SPW (D. Mont. filed June 8, 2015); *Blaskowski v. Centra Care Clinic Hospital*, No. 1:16-CV-0037-SPW (D. Mont. Apr. 8, 2016), as was another brought in the United States District Court for the District of Connecticut*, see* No. 3:16-CV-0723-JCH (D. Conn. filed May 12, 2016). Blaskowski has also filed complaints elsewhere that have been dismissed pre-service for failure to state a claim. *See Blaskowski v. Farmers Insurance*, No. 1:16-CV-0353-M-PAS (D.R.I. filed June 24, 2016); *Blaskowski v. No Named Defendants*, No. 1:16-CV-0742-LTB (D. Colo. filed Mar. 29, 2016); *Blaskowski v. State of Minnesota*, No. 1:15-CV-0422-JTN-ESC (W.D. Mich. filed Apr. 21, 2015). One district has received several documents from Blaskowski that it has declined to interpret as a pleading on account of incoherency. *See In re Adam Frank Blaskowski*, No. 5:15-MC-0013 (W.D. La. opened Apr. 30, 2015).

Blaskowski's frivolous lawsuits impose a cost upon the courts where they are filed, as those courts must divert limited resources towards those cases. The lawsuits also impose a cost, however slight, upon the universe of litigants whose non-frivolous cases are delayed while Blaskowski's most recent litigation draws the attention of judicial officers. Until now, however, the would-be defendants to Blaskowski's litigation have been spared the expense of his litigation, as each of his complaints filed in federal court prior to this action (so far as this Court can tell) have been dismissed prior to service of the summons and complaint.

This action is an exception. Like the rest of his lawsuits, Blaskowski initiated this action this time in the United States District Court for the District of New Jersey with a partly illegible and largely incoherent Complaint that sets forth no factual allegations whatsoever, instead listing as "facts" a number of unrelated federal statutes without further elaboration. *(See* Compl., [Docket No. 1], at 3). Along with his Complaint, Blaskowski submitted the docket from an earlier case against the State of Minnesota, Landwehr, Scherer, and Mahler (the matter transferred to Minnesota from the Central District of California). (*See* Exhibit [Docket No. 1-3] at 5-9). A review of that docket shows that Blaskowski's earlier complaint was substantially identical; there, as here, Blaskowski eschewed factual allegations and merely listed federal statutes that seemed to have nothing to do with one another. In the recommendation of dismissal of that action, this Court noted that "Blaskowski's complaint [was] beyond comprehension" and that the complaint failed to provide fair notice of the claims and grounds upon which it rested. *See Blaskowski v. State of Minnesota*, No. 15-CV-2733 (MJD/LIB), [Docket No. 12], at 3 (D. Minn. July 16, 2015). The recommendation was adopted over Blaskowski's objection and the matter was dismissed.

Despite the similarities to that earlier case (and, for that matter, the similarities to most of Blaskowski's numerous lawsuits), Blaskowski's application to proceed IFP was granted in the District of New Jersey and the U.S. Marshals Service was ordered to effect service of process on the named Defendants. Over a month later, that court noted that venue in the District of New Jersey appeared to be improper, but that "the interests of justice will be served by transferring this action to the District of Minnesota." (Order, [Docket No. 6], at 2). Shortly after transfer, four of the five defendants filed a motion to dismiss and 14-page memorandum in support of that motion noting much of what this Court has already noted above, along with several other grounds for

dismissal. (*See* [Docket Nos. 10 & 12]). For the first time, Blaskowski has managed to impose the costs of litigation upon his opponents as well.

As a purely formal matter, this Court declines to address Defendants' Motion to Dismiss, [Docket No. 10], as Blaskowski has not yet had an opportunity to respond to that motion as usually required under Local Rule 7.2. That said, an action will be dismissed "at any time" when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Blaskowski's complaint, yet again, fails to state a claim on which relief may be granted. No factual allegations have been pleaded that, if proved, would show that Blaskowski is entitled to judicial redress.[1] Similarly, there is no reason from the complaint to believe that Blaskowski may

---

[1]Defendants note several possible impediments to this Court's jurisdiction, including that the State of Minnesota's sovereign immunity insulates it from most suits, that Blaskowski's (continued...)

invoke any of the myriad unrelated statutes he lists. Not much more can be said about Blaskowski's complaint than that, even under the most liberal of interpretations, he is not entitled to relief on the skeletal claims raised therein. This action, like the others, should be dismissed.

Only two other matters merit comment. First, previous iterations of Blaskowski's complaint against the State of Minnesota, Landwehr, Scherer, and Mahler have been dismissed without prejudice for failure to state a claim. Given Blaskowski's repeated failure to state an actionable claim for relief against those individuals, it is now recommended that all claims raised in these proceedings by Blaskowski against the State of Minnesota, Landwehr, Scherer, and Mahler be dismissed *with* prejudice. *See Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983) ("Ordinarily dismissal of a plaintiff's complaint for failure to comply with Rule 8 should be with leave to amend. But if the plaintiff has persisted in violating Rule 8 the district court is justified in dismissing the complaint with prejudice." (internal citation omitted)); *Milliman v. County of Stearns*, No. 13-CV-0136 (DWF/LIB), 2013 WL 5426049, at *16 & n.34 (D. Minn. Sept. 26, 2013) (collecting cases). Because this appears to be the first action brought against defendant Tim Wille,

[1](...continued)
complaint may be barred by the *Rooker-Feldman* doctrine, and that the judicial defendants are likely protected by both absolute and qualified immunity. Usually, a court must address any limitations on jurisdiction before proceeding to the merits of a lawsuit. But Blaskowski's complaint is *so* inadequately pleaded that this Court cannot be sure that any of these doctrines applies. For example, although the judicial defendants would be insulated from suit for almost any *judicial* actions they take, *see Mireles v. Waco*, 502 U.S. 9, 11 (1991), Blaskowski's complaint provides no hint of whether the claims, such as they are, relate to judicial or non-judicial actions. Thus, this Court cannot know that absolute judicial immunity precludes review of the claims. By contrast, it is abundantly clear that Blaskowski's complaint fails to state a claim on which relief may be granted, and the Court may raise that issue "at any time." 28 U.S.C. § 1915(e)(2).

and thus Blaskowski has not demonstrated the same repeated pleading failures as towards Wille, this Court will recommend that all claims against Wille be dismissed *without* prejudice.

Second, this Court warns Blaskowski that the right of access to the courts afforded to pro se litigants does not ensure an unrestricted opportunity to pursue frivolous, malicious, abusive, or repetitive proceedings. In light of Blaskowski's record of bringing frequent, repetitive, and unmeritorious litigation, both here and around the country, it may soon become necessary to impose restrictions on his ability to pursue further pro se proceedings in this District.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this action be SUMMARILY DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as follows:

1. The claims against defendants State of Minnesota, Vicki Landwehr, John Scherer, and Mary Mahler be DISMISSED WITH PREJUDICE; and

2. The claims against defendant Tim Wille be DISMISSED WITHOUT PREJUDICE.

Dated: June 30, 2016

s/Leo I. Brisbois
Leo I. Brisbois
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.