UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ADAM F. BLASKOWSKI  Plaintiff,  v.  STATE OF MINNESOTA, VICKI LANDWEHR, JOHN SCHERER, MARY MAHLER, and TIM WILLE,  Defendants. | Civil No. 16-1831 (JRT/LIB)  **MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

Adam Blaskowski, 42 7th Avenue North, Waite Park, MN 56387, *pro se*.

Kathryn I. Landrum, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, Saint Paul, MN 55101, for Defendants State of Minnesota, Judge Vicki Landwehr, Judge John Scherer and Judge Mary Mahler.

Jon K. Iverson, **IVERSON REUVERS CONDON**, 9321 Ensign Avenue South, Bloomington, MN 55438, for Defendant Tim Wille.

Plaintiff Adam F. Blaskowski initiated this action in the United States District Court for the District of New Jersey on April 11, 2016. (Compl., Apr. 11, 2016, Docket No. 1.) The Complaint alleges Defendants State of Minnesota, Minnesota District Court Judge Vicki Landwehr, Minnesota Chief District Court Judge John Scherer, and Minnesota District Court Judge Mary Mahler (collectively, "State Defendants"), and Tim Wille violated a series of statutes, including the Voting Rights Act, 52 U.S.C. §§ 10101 *et seq*., the False Claims Act, 31 U.S.C. § 3729, the Indian Health Care Improvement Act, 25 U.S.C. §§ 1601 *et seq*., and the Americans with Disabilities Act, 42 U.S.C.

§§ 12101 *et seq*. (Compl. at 3.) United States District Court Judge Robert B. Kugler, finding venue improperly laid in New Jersey, ordered the action transferred to the United States District Court for the District of Minnesota. (Order, June 2, 2016, Docket No. 6.) Prior to transferring the action, however, Judge Kugler granted Blaskowski's application to proceed *in forma pauperis* ("IFP"). (Order on Appl. to Proceed Without Payment of Fees, Apr. 14, 2016, Docket No. 2.)

On June 30, 2016, United States Magistrate Judge Leo I. Brisbois issued a Report and Recommendation ("R&R") recommending dismissal of Blaskowski's claims. (R&R at 6, June 30, 2016, Docket No. 19.) The Magistrate Judge recommended dismissing the action finding Blaskowski failed to state a claim on which relief may be granted. (*Id.* at 4-5.) The Magistrate Judge further recommended dismissal of the allegations against State Defendants with prejudice because Blaskowski filed previous non-meritorious complaints against State Defendants. (*Id.* at 5.) The Magistrate Judge recommended Blaskowski's claims against Wille should be dismissed without prejudice because this is the first time Blaskowski named Wille as a defendant. (*Id.*)

Blaskowski filed timely objections to the R&R. (R&R Objs., July 5, 2016, Docket No. 20.) Blaskowski's objections, however, did not address the Magistrate Judge's recommendation that Blaskowski failed to state a claim on which relief may be granted. (*See id.*)

Because the Court finds Blaskowski failed to allege enough facts to state a claim upon which relief may be granted, the Court will overrule Blaskowski's objections, adopt the R&R in part, and dismiss Blaskowski's Complaint against State Defendants with

prejudice. But because the Court discovered that Blaskowski filed a previous non-meritorious complaint against Wille, the Court will reject the R&R in part and dismiss Blaskowski's Complaint against Wille with prejudice.

## ANALYSIS

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (quoting *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008)). On a dispositive motion the Court reviews "properly objected to" portions of an R&R *de novo*. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery*, 98 F. Supp. 3d at 1017.

Because Blaskowski did not provide specific objections to the R&R and, instead, generally objected to the Magistrate Judge's recommendation, the Court reviews the R&R for clear error.

## II.     FAILURE TO STATE A CLAIM

The Magistrate Judge did not clearly err in recommending the Court dismiss this action for failure to state a claim.  The Court can dismiss an action "at any time" when an IFP applicant's complaint "fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to plead sufficient facts to show he or she "is entitled to relief," meaning that the pleading must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When determining whether a claim is "plausible" the Court must only consider factual allegations and need not accept as true "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  The law requires a complaint to allege sufficient facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Here, Blaskowski failed to plead enough facts to make the Complaint plausible on its face.  Blaskowski alleged violations of a number of statutes, but Blaskowski failed to provide any factual allegations regarding Defendants' conduct.  In the absence of this information, Blaskowski failed to give Defendants notice of the "grounds upon which" the claims rest.  *Id.*

For this reason, the Court will dismiss this action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Additionally, this is not the first time Blaskowski initiated a lawsuit against State Defendants without any factual support. *Blaskowski v. Minnesota*, No. 15-2733 (D. Minn. Aug. 4, 2015); *Blaskowski v. Minnesota*, No. 15-422 (W.D. Mich. July 20, 2015); *Blaskowski v. Electrolux Home Prods., Inc.*, No. 15-49 (D. Mont. July 13, 2015). Due to Blaskowski's repeated failure to adequately state a claim on which relief may be granted against State Defendants, the Magistrate Judge did not clearly err in recommending dismissal of Blaskowski's claims against State Defendants with prejudice. *Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983) ("[I]f the plaintiff has persisted in violating Rule 8 the district court is justified in dismissing the complaint with prejudice.").

But the Magistrate Judge incorrectly found Blaskowski first filed a claim against Wille in this Complaint. Although not filed in the District of Minnesota, Blaskowski named Wille in a complaint filed in the Western District of Michigan that is substantially similar to this Complaint. *See* Complaint at 1, *Blaskowski*, No. 15-422 (W.D. Mich. Apr. 21, 2015). Similar to this case, the federal district court dismissed the action for failure to state a claim. *Id.* In this circumstance, the Court will also dismiss Blaskowski's claims against Wille with prejudice. *See Michaelis*, 717 F.2d at 438-39.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Blaskowski's objections [Docket No. 20] and **ADOPTS in part** and **REJECTS in part** the Report and Recommendation of the Magistrate Judge dated June 30, 2016 [Docket No. 19].  Accordingly, **IT IS HEREBY ORDERED** that:

1. Blaskowski's claims against State of Minnesota, Judge Vicki Landwehr, Chief Judge John Scherer, and Judge Mary Mahler are **SUMMARILY DISMISSED with prejudice**.

2. Blaskowski's claims against Tim Wille are **SUMMARILY DISMISSED with prejudice**.

3. Defendants State of Minnesota, Judge Vicki Landwehr, Chief Judge John Scherer, and Judge Mary Mahler's Motion to Dismiss [Docket No. 10] is **DENIED as moot.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  December 29, 2016
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____
JOHN R. TUNHEIM
Chief Judge
United States District Court